UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CHARLES LYNCH,                          )
                                        )
            Petitioner,                 )
    vs.                                 )     No. 2:05-cv-275-RLY-WGH
                                        )
MARK A. BEZY, Warden,                   )
                                        )
            Respondent.                 )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, petitioner Charles Lynch ("Lynch") has failed to make such a showing. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1.      Lynch is confined within the Southern District of Indiana serving a sentence imposed by the United States District Court for the Eastern District of Missouri. This term of imprisonment was following Lynch's convictions for several counts of bank robbery.

2.      On December 25, 2004, a search of Lynch's cell revealed a homemade weapon taped to the underside of Lynch's cellmate's locker. The homemade weapon was described as a nine-inch by one-inch ("9 x 1") wide piece of glass. The glass was pointed on one end and wrapped with duct tape at the opposite end. As the weapon was found in the common area of the cell, both Lynch and his cellmate received incident reports for Possession of a Weapon. After Lynch was given notice of this charge and of his procedural rights in connection with the matter, a hearing was held on March 18, 2005, Lynch was present, made a statement concerning the charge, was found guilty after his statement and the other evidence was considered, and was sanctioned. After his administrative appeals were exhausted, this action followed.

3.      The Due Process Clause of the Fourteenth Amendment imposes four requirements on prison disciplinary committees: (1) prison officials must give the prisoner advance written notice of the charges against him; (2) the disciplinary hearing officer must give the prisoner the opportunity to present witnesses and evidence in his defense; (3) the fact-finders must give the prisoner a written statement of the evidence upon which they relied and the reasons for their decision; and (4) the decision maker must be sufficiently impartial. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Superintendent v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974)). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

4. Using the protections recognized in *Wolff* and *Hill* as an analytical template, Lynch received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Lynch was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

5. The evidence was sufficient, consisting of the account of the incident set forth in the incident report. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). A conduct report alone may suffice as "some evidence." *Id. See also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the incident report is clear and supports the hearing officer's determination that a weapon was found in the common area of the cell to which Lynch was assigned. The evidence of Lynch's possession of that weapon as described in the incident report is constitutionally sufficient. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). Under the doctrine of constructive possession, Lynch is responsible for contraband found in his cell. *White v. Kane,* 860 F.Supp. 1075, 1079 (E.D.Pa. 1994).

6. Although Lynch complains that the weapon was not tested for fingerprints, prisoners have no right to secure forensic testing, *Frietas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988); *U.S. ex rel. Wilson v. DeRobertis,* 508 F. Supp. 360 (N.D.Ill. 1981), and the circumstances of the present case certainly did not compel such testing in order to establish possession of the weapon. Even if Lynch's fingerprints were not on the weapon, moreover, only a meager exculpatory inference could be reached because his "possession" of the weapon rested on the fact that it was found in his cell, not on it having been found in his hands. Fingerprints could have been wiped off, and the lack or presence of fingerprints would not negate the presence of the item in Lynch's cell.

7. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Lynch to relief. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. That petition must be **denied** and the action dismissed. His request for production of documents is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:   03/15/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana